UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDIE K. GRIER,

    Plaintiff,

vs.                                                                                                 Case No. 17-13409

ALAN HESTER and US BANK TRUST,                 HON. AVERN COHN
N.A.,

    Defendants.
_____/

## ORDER OF DISMISSAL

I.

Plaintiff, Randie K. Grier, proceeding pro se, filed a "complaint for unjust enrichment, anticipatory breach and specific performance" naming Alan Hester and US Bank Trust as defendants. Plaintiff also filed a motion for a preliminary injunction (Doc. 3) and motion for a temporary restraining order (TRO). (Doc. 4). For the reasons that follow, the complaint will be dismissed.

II.

"[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). When reviewing pro se papers, the court must employ standards less stringent than if the complaint had been drafted by counsel.

Haines v. Kerner, 404 U.S. 519 (1972).

III.

The Court has reviewed the complaint, plaintiff's motions, and attached exhibits. From what can be gleaned, in March of 2017, plaintiff, as tenant, and Hester, as landlord, entered into a lease agreement regarding residential property in Bloomfield Hills. The lease agreement provides for a three year term with a monthly rent of $4,000.00. At the same time, plaintiff and Hester entered into an "Addendum for Option to Purchase," giving plaintiff the option to purchase the property by December 31, 2017. Hester apparently purchased the property in 2016 on a land contract and financed the purchase through US Bank Trust. It appears that the property went into foreclosure at some point prior to entering the lease agreement. Also prior to entering the lease agreement, Hester sued US Bank Trust in Oakland County Circuit Court, presumably challenging the foreclosure. The state court entered summary disposition in favor of US Bank Trust. Hester appealed. The appeal is pending in the Michigan Court of Appeals. Hester v. US Bank Trust, No. 337751. Meanwhile, in September of 2017, US Bank Trust filed an eviction action in the 48th District Court in Bloomfield, naming the "occupants" of the property as defendants. US Bank Trust v. Occupants, No. 17-32965. Plaintiff appeared in the eviction action. On October 10, 2017, the district court entered an order directing plaintiff to deposit $4,000.00 with the court in escrow for prorated rent and $400.00 per month thereafter.

On October 19, 2017, plaintiff filed the instant complaint and motions. The complaint asserts claims against defendants for (1) anticipatory breach, (2) unjust enrichment, and (3) specific performance. He claims to have a right to stay in the

2

property pending resolution of the dispute in the Michigan Court of Appeals

IV.

The complaint is subject to dismissal for two reasons. First, plaintiff has alleged that jurisdiction is based on diversity. However, the complaint fails to property allege diversity of citizenship. Plaintiff simply alleges that defendants are not citizens of Michigan; it does not state the citizenship of either defendant. Moreover, it is likely that Hester, like plaintiff, is a Michigan citizen. Thus, the complaint is subject to dismissal for lack of subject matter jurisdiction for failure to establish diversity of citizenship. See 28 U.S.C. § 1332.

Second, it appears that plaintiff is challenging actions which took place in state court. Indeed, in his motions for TRO and preliminary injunction, plaintiff asks the Court to "stay" the eviction proceedings in the district court until the proceedings between Hester and US Bank Trust are concluded in the Michigan courts. Plaintiff's challenge to state court actions are barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. To the extent plaintiff is seeking federal court review of what occurred in the state courts, his claims are barred by Rooker-Feldman.

Finally, as to plaintiff's motion for a TRO and preliminary injunction, the Court lacks the authority, subject to limited exceptions not present here, to enjoin a state court

3

proceeding. See 28 U.S.C. § 2283 (prohibiting a federal court from "grant[ing] an injunction to stay proceedings in a State court").

Overall, plaintiff must pursue whatever relief he seeks regarding the eviction action in state court.

V.

Even under a liberal pleading standard, the complaint fails establish a basis for federal jurisdiction. Plaintiff's request for injunctive relief present a viable claim. Accordingly, the complaint is DISMISSED. Plaintiff's motions for TRO and preliminary injunction are DENIED AS MOOT.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2017
      Detroit, Michigan